Community Central Energy Corporation, Petitioner *v.* Pennsylvania Public Utility Commission, Respondent.

Argued September 16, 1981, before President Judge CRUMLISH, JR. and Judges ROGERS, BLATT, WILLIAMS, JR. and CRAIG.

*Paul A. Barrett, Nogi, O'Malley & Harris, P.C.,* for petitioner.

*Gary D. Cohen,* Assistant Counsel, with him *Daniel P. Delaney,* Assistant Counsel, and *Joseph J. Malatesta, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., November 20, 1981:

On January 25, 1979, the Pennsylvania Public Utility Commission (PUC) issued an Order (Order No. 1) directing that the Community Central Energy Corporation (CCEC) refund to its customers $129,750.56 of excessive automatic fuel adjustment revenues. CCEC appealed Order No. 1 to this Court, alleging that the

PUC had misinterpreted Section 307(e) of the Public Utility Law,[1] which read, in pertinent part, as follows:

Absent good reason being shown to the contrary, the commission shall, within 60 days following such hearing (on an automatic adjustment report), by order direct each such public utility to, over an appropriate 12-month period, refund to its patrons an amount equal to that by which its revenues received pursuant to such automatic adjustment clause exceeded the amount of such expense or class of expenses. . . .

The issue in that appeal, described by this Court as "very limited, but important,"[2] was whether Section 307(e) of the Public Utility Law granted discretion to the PUC *not* to order a full refund, if the utility made a showing of good reason for such a determination. In deciding that the statute did afford the PUC discretion to order a refund of less than the full amount of the overcollection of these revenues, this Court remanded the case to the PUC "for further proceedings and consideration . . ." in light of that interpretation of Section 307(e).

The PUC responded to the remand by reviewing the record made at the previous hearings, and, without further hearings, argument, or briefing, issued an Order (Order No. 2) on September 8, 1980, which reinstated the provisions of Order No. 1. CCEC has appealed Order No. 2 to this Court, alleging that the context of its issuance constitutes reversible error, in that the actions of the PUC did not comport with the mandate of this Court regarding further proceedings. The

---

[1] Section 307(e) of the Public Utility Law, Act of May 28, 1937, P.L. 1053, *formerly* 66 P.S. §1147 was repealed by the Act of July 1, 1978, P.L. 598. That section is now found at §1307(e) of the Public Utility Code, 66 Pa. C. S. §1307.

[2] *Community Central Energy Corporation v. PUC*, 51 Pa. Commonwealth Ct. 142, 413 A.2d 1197 (1980).

PUC argues, in opposition, that it conducted a comprehensive de novo review of the record made at the hearings preceding Order No. 1, and that its reinstatement of the provisions of Order No. 1 was based upon a valid exercise of its discretion. To buttress its position, the PUC notes that there was evidence in the record concerning justification for the overcollections, which had been admitted over PUC objections at the hearings. This de novo review allegedly constitutes "further proceedings and consideration."

When passing on the validity of an order of the PUC, this Court must examine whether the appellant's constitutional rights have been violated, whether the PUC committed an error of law, and/or whether the findings and conclusions contained in the order are supported by substantial evidence. *United States Steel Corporation v. Pennsylvania Public Utility Commission*, 37 Pa. Commonwealth Ct. 195, 390 A.2d 849 (1978). CCEC here contends that the PUC committed an error of law in determining that a mere review of the record constituted compliance with the order of this Court. Further, CCEC raises a due process claim, in alleging that it was denied its "day in court" by the failure of the PUC to hold a hearing at which evidence on the question of justification could be thoroughly presented. This Court finds merit in those arguments, and hereby orders the case remanded to the PUC for the express purpose of conducting a hearing on the issue of good reason for the overcollection of automatic fuel adjustment revenues.

The PUC contends before this Court that the due process rights of the utility, CCEC, were satisfied by its participation in the hearings prior to the issuance of PUC Order No. 1. We find no merit in that proposition, because the PUC was maintaining at that time that the scope of its discretionary power did not encompass an examination of good cause for an overcollection.

While we recognize that the concept of due process is malleable, and, capable of adjustment to the context of differing cases, we are correspondingly aware that its overriding purpose is the protection of the rights of those bearing the burden of justification or defense. Here, any evidence offered by the utility concerning justification for the revenues was arguably tainted by the position of the PUC that it did not have the discretion to examine such evidence. The dictates of due process would require that CCEC be afforded a full opportunity to explain its actions to a tribunal which recognized the materiality of the explanation to the outcome of the case. That was the import of our Order of May 6, 1980, as hereby reiterated.

## ORDER

AND Now, this 20th day of November, 1981, the Order of the Pennsylvania Public Utility Commission, dated August 28, 1980, pertaining to Community Central Energy Corporation, M-FACS0005, is hereby vacated, and the matter is remanded to the Commission. The Commission is hereby ordered to conduct a hearing concerning the question of what, if any, justification the Community Central Energy Corporation had for the apparent overcollection of automatic fuel adjustment revenues during the twelve month period ending June 30, 1978.