D'Ignazio's Towne House, Inc., Petitioner *v.* Pennsylvania Public Utility Commission, Respondent.

Argued April 2, 1984, before President Judge CRUMLISH, JR., and Judges WILLIAMS, JR., and COLINS, sitting as a panel of three. Reargued April 10, 1985, before President Judge CRUMLISH, JR., and Judges ROGERS, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Barry Gross,* for petitioner.

*Mark C. Morrow,* Assistant Counsel, with him, *Larry Gesoff,* Assistant Counsel, *Louise Russell Knight,* Deputy Chief Counsel, and *Charles F. Hoffman,* Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, June 27, 1985:

This is an appeal from the Public Utility Commission's (Commission) order requiring that D'Ignazio's Towne House, Inc. (petitioner) convert 21 existing natural gas lights which illuminate four heavily used city blocks in the Borough of Media (Media), from natural gas to electricity; or that petitioner terminate illumination of the lights and arrange with Media to assume the responsibility of illuminating this area with electric lights.

The instant controversy arose from a natural gas sales ban imposed by the Commission. The Commission issued the order pursuant to 52 Pa. Code §59.62 (h) which provides: "No jurisdictional gas utility shall supply natural gas for use in outdoor lighting except to residential customers; in the case of municipal outdoor lighting fixtures, such supply shall be terminated January 1, 1982." However, petitioner claims that he is exempted by 52 Pa. Code §59.62(h) (4) which provides:

Exemption from the ban imposed on this subsection may be granted by the commission upon the petition of any municipality or any commercial customer receiving service to outdoor gas lighting which provides the equivalent of municipal lighting in a locale not served by municipal lighting, upon a showing that the affected fixtures are necessary to protect the safety of persons or property and that their elimination, conversion, or replacement would be unduly burdensome.

Petitioner also claims that the regulation violates his due process and equal protection rights under the Pennsylvania and United States Constitutions. We find that the regulation does not violate petitioner's constitutional rights; however, the Commission did

not make necessary findings to support its order refusing an exemption.

Petitioner operates a restaurant and has been lighting four heavily used city blocks in Media for the past thirty years. It provides adequate lighting in the area which helps protect public safety and property. Media has not contributed to the illumination of this four block area which is adjacent to the County courthouse, public transportation facilities, a municipal parking lot, the business district, and a residential area. These lights give an "old fashioned" appearance to the area and are the basis of a substantial advertising campaign undertaken by petitioner.

The Commission denied a petition for exemption pursuant to 52 Pa. Code §59.62(h)(4) on February 5, 1982, and ordered petitioner to turn off the lights effective May 21, 1982. Petitioner relit these lights the next day because three incidents of vandalism occurred the night before. (There had only been four incidents of vandalism in the preceding eight years).

The Commission then ordered Philadelphia Electric Company to disconnect the lights on June 30, 1982. Petitioner filed an application for reconsideration of the order and an application for a stay on June 11, 1982, both of which were granted on June 25, 1982. The matter was then referred to the Commission to take testimony on the merits and to render a decision.

The Commission found that the lights were necessary to maintain public safety but that it would not be unduly burdensome to convert, and ordered petitioner to convert the gas lights to electricity by November 15, 1982, or arrange with the Borough of Media to take over the responsibility of illuminating the area. Petitioner appealed the decision to the full Commission. On November 19, 1982, the full Commission affirmed the initial decision and prohibited

gas service to the lamps after February 15, 1983. On January 10, 1983, this Court granted a stay of the Commission's order pending a determination of petitioner's appeal to this Court.

When passing on the validity of an order of the PUC, this Court must examine whether the PUC committed an error of law and/or whether the findings and conclusions contained in the order are supported by substantial evidence. *Community Central Energy Corporation v. Pennsylvania Public Utility Commission*, 62 Pa. Commonwealth Ct. 518, 436 A.2d 1255 (1981).

The cost of conversion from gas to electric lamps would be $13,198.20. The Commission estimated that petitioner would lose little, if any, capital by making the conversion and would probably save money after a five year amortization period. These estimates of long term savings are conjectural and speculative and are based on the average Pennsylvania utility projected inflation rates, rather than the projected rates for the utility actually serving the premises in question. However, even if a difference existed between these rates, it would not be a major difference, and the estimated savings amount would not be altered to any significant extent. Therefore, petitioner would not be unduly burdened for this reason.

Petitioner maintains, however, that conversion would also be unduly burdensome because it would interfere with his business.

After a careful review of the record, we are of the opinion that conversion of the lights may possibly affect petitioner's business operation. There is testimony in the record indicating that an excavation project would have to be undertaken and that all the gas on the premises might be turned off so that the conversion can be made. Activity of this type would

certainly interfere with a restaurant business and might have a deleterious effect on its operation.

Furthermore, the Commission states in its opinion that petitioner's other option of allowing Media to take over the responsibility of illuminating the area will almost certainly result in serious damage to petitioner's operation by dissipating the usefulness of the very advertising program it has fostered for so long and by adversely affecting its business.

Since petitioner's options create a possibility of significant business interruption, we must remand this matter to the Commission for additional findings to determine the extent of business interference the conversion would cause, and to determine if this interference would be unduly burdensome to petitioner.

ORDER

And Now, this 27th day of June, 1985, the order of the Pennsylvania Public Utility Commission, at No. P-820333, dated November 19, 1982, is vacated and the matter is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.

Judge MacPhail and Judge Palladino dissent.